## FRANCIS C. GRAY *versus* THE CITY OF BOSTON.

A testator bequeathed to his daughter, who was married, "the interest of fifty thou-sand dollars from the time of his decease, during her natural life; and at her de-cease, the principal to be equally divided among her children or the survivors of them, at her decease." The executors, who were also residuary legatees, having given bonds for the payment of debts and legacies, deposited, of their own mere motion, the sum of $50,000 in the Massachusetts Hospital Life Insurance office, subject to a contract providing, that the insurance company should, during the life of the daughter, pay to her annually, the same rate of interest thereon, as they should receive on the other property in their possession; that at the intervals of every five years during the life of the daughter, the executors should have the right to withdraw the sum so deposited, and the company should also have the right to pay off the same, and that the company should, after her decease, pay the principal sum and all interest due thereon to the executors, to be distributed according to the provisions of the will. The executors returned no inventory, and rendered no account at the probate office. It was *held*, that the executors were not liable to be taxed on account of the sum so deposited, it not coming under the head, either of "moneys at interest more than they paid interest for," or of "debts due to them more than they were indebted for," in the provisions of the tax acts.

BY an agreed statement of facts it appeared, that by the will of William Gray, deceased, the following provision was made for his daughter, Lucia, now the wife of Samuel Swett: "I also give to my said daughter the interest of fifty thousand dollars from the time of my decease during her natural life; and at her decease the principal to be equally divided among her children, (naming them,) or the survivors of them at her decease."

It also appeared, that the testator appointed his five sons executors of his will; that the executors, who were also the residuary legatees, gave bonds for the payment of debts and legacies; that they returned no inventory and rendered no account at the probate office; that after the decease of the testator, a sum equal to the legal interest of $50,000, was paid to Mr. Swett, annually, by the executors, until December 12, 1827, when the sum of $50,000 was deposited by them in the office of the Massachusetts Hospital Life Insurance Company, subject to the terms of a contract made with the company of that date. By this contract it was provided, that the company should annually, during the life of Lucia Swett, cause to be paid to her the same rate of interest on the sum deposited, as the company should receive upon their

capital stock and the other property in their possession ; that in case she should be living at the expiration of five years from the date of the instrument, a majority of the executors or the survivor of them, should have the right to withdraw the principal sum so deposited, upon giving the company notice of such intention, at least sixty days before that time, and the company should also have the right to pay off the same, upon giving the like notice ; that if no such notice should be given, the deposit should remain during another term of five years, if she should so long live ; that this right of withdrawing or paying off the deposit should be renewed at intervals of five years so long as the trust should continue ; and that the company should in sixty days after her decease, assign and pay the amount of the principal sum and all interest due thereon, in the way and manner specified in such contract, to the executors, &c., in trust, to be distributed according to the provisions of the will.

It also appeared, that the sum deposited has ever since stood on the books of the company, and that the income has been regularly paid to the husband of Lucia Swett, she giving her receipt therefor ; that the sums so paid were received, *pro tanto*, as a part of the sum due from the executors under the directions of the will ; and that this investment was the voluntary act of the executors, without any consideration or control on her part or that of her husband. It further appeared, that the executors were jointly assessed in the sum of $544·50 for the taxes accruing upon the sum so deposited, during the years 1830, 1831 and 1832, by the assessors of the city of Boston ; that a warrant therefor was issued against the executors, who had refused to pay these taxes ; that thereupon the plaintiff, having been arrested by virtue of the warrant, paid the sum of $184·50 and costs, in order to free himself from arrest ; and that this action was brought to recover the sum so paid.

By the tax acts by virtue of which these taxes were assessed, it was provided, that a tax should be assessed upon all persons according to the proportion of the amount of their respective personal estates, " including all moneys at interest more than

they pay interest for," and " all other debts due to them more than they are indebted for."

If upon these facts the Court should be of opinion, that the plaintiff could recover against the city, or any officer thereof, the defendants were to be defaulted, and judgment was to be rendered for the amount paid, with interest and costs ; otherwise a nonsuit was to be entered.

*March 22d.*     *C. G. Loring,* for the plaintiff. When these taxes were assessed, this fund was not in the hands of the executors, but was invested in the Life Insurance office, in trust, and the investment was ratified by the *cestui que trust,* by the acceptance of the income. If any person therefore is taxable as having this fund in his possession, it must be the insurance company, and not the executors.

But if the executors are to be deemed in the legal or constructive possession of this fund, then the will created a trust, the executors are the trustees, and the *cestui que trust* is liable to pay the taxes, by virtue of *St.* 1828, *c.* 143, § 2, which provides, " that persons entitled to the income of any personal property held by others in trust for them, shall be liable to be taxed for the capital or principal sum, in the town where such persons reside." *Nowlan* v. *Nelligan,* 1 Bro. C. C. 489 ; *Peirson* v. *Garnet,* 2 Bro. C. C. 226 ; *Horwood* v. *West,* 1 Sim. & Stu. 387 ; *Saunderson* v. *Stearns,* 6 Mass. R. 37 ; *Wyman* v. *Hubbard,* 13 Mass. R. 232. This fund could not be attached as the private property of the executors ; nor if one should die, would it be assets of his estate. The city have admitted it to be a trust by taxing the executors for this fund, jointly and distinctly from their private property. The mere circumstance that it was a joint investment does not make the executors jointly taxable therefor.

If the executors were trustees, and held the principal in their own hands, and personally paid over the income, and were by law taxable for the fund, they would have a right to deduct the taxes from the income. Otherwise, the taxes must be taken from the principal, or must become a personal charge upon the trustees in their private capacities ; either of which hypotheses is an absurdity.

If this was not a trust, it was a debt due from the execu-

ιors, payable at a future time not ascertained, with interest annually. The executors have put the sum of $50,000 in the hands of an agent to invest, and collect and pay over the interest; and it was to be held as a fund for the payment of that debt. But it is clear, that the executors are not taxable for such debt.

If the sum payable annually to Mrs. Swett is to be deemed simply an annuity, for the payment of which the executors are responsible upon their bond given for the payment of debts and legacies, then they are not taxable jointly, as executors. The sum invested must be considered merely as their private property; it is money for which they pay interest, and so not taxable by the statutes.

The plaintiff further submits, that the city *is not a creditor of the testator* for these taxes, and therefore has no claims to the assets as such in the hands of the executors; and consequently that the bond given by them is, as to this claim, a division of the property among them as residuary legatees, however it might be considered, if the city were a creditor of the testator.

It may be said, that it was the intention of the testator, to give Mrs. Swett a net income of $3000; but that has nothing to do with the inquiry here; the only result would be, that the executors have not invested enough. Suppose an administrator *de bonis non* were appointed, would it not be sufficient for the executors to pay over the sum of $50,000 to him? In such case, the administrator would not be liable to pay the tax out of his own funds.

If the executors are liable for this tax, they have no remedy. The amount could be recovered of Mr. Swett only as money paid for his use; but it was not so paid, unless he was liable to the tax.

*J. Pickering*, and *S. Swett, contrà.* The basis of the whole system of taxation of property is either ownership, or possession in one's own right, or in the right of another. Who is the owner or possessor of this fund? It was the property of the testator; on his decease, the legal title to it vested in his executors, and they were in possession; and consequently they were then liable to taxation therefor. *Cook v. Leland,*

5 Pick. 236.   The question then is, whether any thing has been since done to change such legal title or possession. The contract with the insurance company provides, that, after the decease of Mrs. Swett, the fund shall be repaid to the executors, to be distributed according to the will.   It then still remains in the hands of the executors, undistributed.

The executors, by their own voluntary act, without any control on the part of the husband or wife, place the fund in the insurance office.   The parties to that contract were the executors and the insurance company.

If the executors are not the owners of this fund, and are not in possession thereof, then it must be owned by, or in the possession of the *husband or wife*.   The insurance office is not a trustee, but merely the agent or servant of the executors It is clear that the husband is not *in possession*, and the wife cannot be, as a *feme covert*.   But who is the " person entitled to the income " of this property, within the meaning of *St.* 1828, *c.* 143, § 2 ?   Not the husband, for he is not named in the bequest ; and the income is payable to the wife only.   Iı the wife is to be considered as the *cestui que trust*, she cannot be taxable.   By the marriage all her personal property vested in her husband, including this income, when received by her of the trustees.   She has therefore no means of satisfying the tax.

The object of *St.* 1828, *c.* 143, § 2, was merely to de signate the place where persons entitled to the income of property held in trust, should be taxed, if taxable at all. Further, is this such a trust as is intended by the statute ?   It may be a trust in equity, without being so within the meaning of the tax acts.   An executor may hold property without being a trustee ; and executors are taxable, as such.   This is not a trust fund, the income of which, whether more or less, is to be paid over ; but the executors are to pay over the sum of $3000 annually, let the income be what it may.   The liability of the executors is analogous to that oᶠ guardians of minors, who are taxable for the property of their wards in their possession.   *Payson* v. *Tufts*, 13 Mass. R. 493 ; *Baldwin* v. *First Parish in Fitchburg*, 8 Pick. 494.

If Mrs. Swett or her husband is liable to be taxed for the

sum of $50,000, merely because she is entitled to the interest of that sum during her life, it would be disproportionate and unjust.

SHAW C. J. delivered the opinion of the Court.  The  *June 20th.* question presented to the Court in this case is, whether the plaintiff and his brothers, joint executors of the will of their father, William Gray, deceased, were liable to be taxed, under the circumstances stated in the case agreed ; and if they were not, as the plaintiff paid over the money, under the compulsory process of the officers of the city, to avoid an arrest, it is agreed that judgment shall be rendered for him.  The question has been somewhat complicated, by introducing into the present discussion, the contingent rights and liabilities of Mr. and Mrs. Swett, under some supposed understanding, that if the plaintiff and his brothers, the executors, are not liable for this tax, Mr. Swett must be.  But it may be, that these questions have little connexion with, or dependence upon each other.  This alternative is supposed to result from the assumption, that all personal property is taxable to some one, and that a debt due, or sum of money at interest, is property. To some purposes, no doubt, a debt due or a sum of money at interest, may be deemed to be property ; but whether it is a subject of taxation or not, as we shall see afterwards, depends upon the provisions of the tax acts, and by them the question, whether such debt or money at interest, is liable to taxation, depends upon another consideration, namely, whether it is a debt due to a person, who is not indebted to a like amount, or whether it is the money at interest, on account of any person, more than such person pays interest for.

A question was made, whether the plaintiff and the other executors could be jointly taxed ; but if they could, it is quite clear, that they could not be so taxed, unless they jointly held such property, as constituted a substantive subject of taxation, under the provisions of the law regulating that subject.  And therefore the question is, whether they did, in the present case, jointly hold such property, and under such circumstances, as to render them jointly liable.  It may be remarked, before proceeding to the consideration of the provisions of the statute, that the rules upon this subject are the result of posi-

tive legal enactments, and can derive but little aid from equit able considerations. For, although it must be the object of all legislators upon this subject, to reach as nearly as possible an equality of taxation, upon all those who are liable, as the ultimate object of the whole system, yet it is obviously a highly artificial system, and in carrying it into execution, it must necessarily happen, and no doubt, it often does practically happen, that some property is taxed twice or even several times over, in different forms, whilst some escapes taxation altogether.

To put a single case, by way of illustration ; if A. B. own merchandise, say worth $1000, on the first of May, he is taxed for it, say $5. But if he sells it on the thirtieth of April to C. D. and takes his note on interest for it, C. D is taxable for $1000, for merchandise, as owner, and A. B. is taxable in a like sum, as for money at interest, more than he pays interest for, and yet there is no actually increased amount of property. From these and like considerations, we feel admonished, that it would be unsafe to depart from the plain provisions of the tax acts, with a view of reaching a greater degree of equality in the result, than the literal and obvious intent of the statutes would seem likely to reach. On the contrary, it seems safer to proceed on the assumption, that by carrying each enactment into effect, according to its manifest intent, we shall more effectually promote the ultimate and practical equality, which should be the object of every system of taxation.

It appears by the facts agreed, that William Gray gave to his daughter Lucia, now Lucia Swett, the interest of $50,000, payable annually during her life, and at her decease, the sum of $50,000 to be equally divided among her five children, or the survivors of them. He also made his sons residuary devisees and legatees and joint executors. They returned no inventory, but gave bond to pay the debts and legacies, as they had a right to do, under the statute. *St.* 1783, *c.* 24, § 17

The effect of this provision was, to direct his executors to pay to Mrs. Swett during her lifetime an annuity, equal to the interest of $50,000, and at her decease, to pay the sum

of $50,000 to the surviving child or children, if any or either of them should be then living. The effect of giving bond at the probate office was, to impose a legal and personal obligation upon the executors, by which they became debtors for their respective obligations. To enable them to meet their obligations, and, as far as appears, for their own accommodation and convenience, they placed the sum of $50,000 in the Massachusetts Hospital Life Insurance Company for the term of five years, if Mrs. Swett should so long live, the interest in the mean time to be paid annually to her. The money thus placed in the Massachusetts Hospital Life Insurance Company by them, is to be repaid to them, upon either of the above events, whichever should first happen ; and although the interest was made payable to Mrs. Swett, this appears to have been done without the assent of herself or her husband, and it further appears, that the interest received by Mr. Swett, under that contract, was received, *pro tanto*, as a part of the sum due from the executors, under the direction of the will.

Under the second section of the tax act passed in February, 1831, and we understand that, in this respect, all the late tax acts, at least those during the period in question, are alike in this particular, all the specific subjects of taxation are enumerated.

The tax is to be assessed on all persons according to the proportion of the amount of their personal estate, including " all moneys at interest, more than they pay interest for," and " all other debts due to them, more than they are indebted for."

There is no other head or subject of taxation, under which the executors could be liable, in consequence of the money placed by them in the Massachusetts Hospital Life Insurance Company, under the circumstances, unless one of those above named, either as a debt due, or as money at interest.

By reference to the certificate of the assessors, filed in the case, and indeed by the facts agreed, it sufficiently appears, that these executors are taxed, in consequence of the fund placed in the Massachusetts Hospital Life Insurance Company, under the contract stated in the agreement.

The effect of this contract is, to make the company debtor

Gray
v.
Boston.

to the executors, for the sum of $50,000 ; but the facts show that they were indebted, on their part, to an equal amount. By the will, and by the bond they have given to pay the debts and legacies, these gentlemen have become liable to pay the sum of $50,000 to Mrs. Swett's children, at her decease, and in the mean time to pay the interest, or a sum equivalent to or exceeding the interest, annually, to Mrs. Swett. It cannot therefore be taxable as a debt due to them more than they are indebted for.

As a sum at interest, we are of opinion, that though the interest is in terms payable to Mrs. Swett, yet it is simply in payment of an annual sum, due to her from them, and is to be construed in the same manner as if it were in terms payable to themselves.

Still it is manifest from the contract and the facts agreed, that this interest is to go in discharge of an obligation imposed upon them by the will, enforced and secured by their bond at the probate office.

The object of the statute manifestly was, in rendering persons liable to be taxed for money at interest, more than they pay interest for, to render persons liable in respect to their net annual income from money at interest, and in order to be so, it must be interest beneficially received. But here, the interest being by the contract payable to a third person, and that in discharge of a previous obligation, it cannot be said to be money at interest beneficially for them and of which they were receiving the interest to their own use.

In coming to this conclusion, we give no opinion, whether any other person may or may not be liable to taxation in respect to this deposit in the life insurance company. That question will depend upon different considerations and different statute provisions, and must be decided on its own merits, should it ever arise.

Pursuant to the agreement of the parties, a default is to be entered, and judgment rendered for the plaintiff or the sum by him paid, with interest.